UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-2(c)**

Warren D. Levy, Esq.
Law Offices of Kasuri & Levy, LLC.
340 Route 1 North
Edison, NJ 08817
Tel: (732) 253-7630

In Re:

    GLADYS GREENSTEIN,
                Debtor,

Case No.: 12-28428

Chapter: 13

Adv. No.:

Hearing Date:

Judge: Hon. Michael B. Kaplan

GLADYS GREENSTEIN,
Plaintiff,

MUTUAL NO. 9 CONDOMINIUM ASSOCIATION, INC. (D/B/A ROSSMOOR COMMUNITY ASSOCIATION),
Defendant.

## DEBTOR'S COMPLAINT FOR VIOLATION OF THE AUTOMATIC STAY AND FOR ENFORCEABILITY OF A CONFIRMED CHAPTER 13 PLAN

Now comes the debtor-plaintiff, **GLADYS GREENSTEIN** (hereinafter "Debtor"), through its counsel, in the aforementioned bankruptcy case, who respectfully files this complaint for violation of the automatic stay and for enforceability of a confirmed chapter 13 plan against **MUTUAL NO. 9 CONDOMINIUM ASSOCIATION, INC. (D/B/A ROSSMOOR COMMUNITY ASSOCIATION)** (hereinafter "Mutual No. 9"), and in support states the following:

1. Debtor's Ch. 13 Voluntary Bankruptcy Petition was filed on 07/25/12 in the United States Bankruptcy Court, District of New Jersey, Trenton, and was assigned a bankruptcy petition number as 12-28428-MBK;

2. The Trustee assigned to this case was Albert Russo, Standing Ch. 13 Trustee, CN 4853, Trenton, NJ 08650;

3. A Ch. 13 Plan was filed by Debtor on 07/25/13;

4. A First Modified Ch. 13 Plan was filed on 08/02/13;

5. An Objection to Confirmation of Plan was filed on 09/21/12 by Mutual No. 9;

6. On 10/10/12, a Second Modified Ch. 13 Plan was filed by Debtor;

7. A meeting of creditors was conducted on 10/11/12;

8. The Plan Confirmation Hearing in this case was held on 11/13/12;

9. On 11/13/12, Debtor's Ch. 13 Plan was confirmed;

10. To date, Debtor has been making payments pursuant to the confirmed Ch. 13 Plan (which includes arrears owed to Mutual No. 9) and has also been making ongoing payments directly to Mutual No. 9 for ongoing condominium association fees;

11. In early January, 2013, Debtor informed its counsel that Mutual No. 9 has been attempting to collect monies owed to Mutual No. 9 and is being denied full rights and access to use of services for members of Mutual No. 9 Condominium Association;

12. On 01/23/13, counsel for Mutual No. 9 advised that Debtor owes $10,088.10 in arrears, is not in good standing with Mutual No. 9, and is not allowed use of their services;

13. On 01/28/13, counsel for Mutual No. 9 advised that Debtor now owes over $14,000, not including legal fees;

14. Debtor and Mutual No. 9 have been unable to resolve this matter;

15. Mutual No. 9 has, on numerous occasions, violated the automatic stay provisions of the U.S. Bankruptcy Code;

16. Mutual No. 9, in bad faith, has repeatedly increased the balances owed, has not provided any justification or proof for doing so, and has ignored the confirmation of a Ch. 13 Plan for this Debtor, despite their filed Objection already having been considered.

**WHEREFORE** the Debtor demands Judgment as follows:

1. Declaratory Judgment in favor of Plaintiff;
2. Injunctive Relief to impose the Automatic Stay;
3. Injunctive Relief to enforce the Confirmed Chapter 13 Plan;
4. Money damages;
5. Attorneys fees and costs;
6. Such other relief which may be equitable and just.

Respectfully submitted,

_____
Warren D. Levy, Esq.

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing was served upon the attached mailing matrix this 20th day of February, 2013.

_____
Warren D. Levy, Esq.